IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTOINETTE COLON, <br><br> Plaintiff, <br><br> v. <br><br> EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, <br><br> Defendant. | Civil Action No. 2:19-cv-01738-JD |

**<u>DEFENDANT'S ANSWER AND SEPARATE DEFENSES TO THE COMPLAINT</u>**

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG" or "Defendant"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby answers the Complaint of Plaintiff Antoinette Colon ("Ms. Colon" or "Plaintiff") in the above-captioned matter in accordance with the numbered paragraphs thereof as follows:

1. ECFMG admits that Ms. Colon initiated this action against ECFMG. ECFMG denies the remaining allegations in Paragraph 1.

2. The allegations in Paragraph 2 constitute conclusions of law to which no responsive pleading is required.

3. ECFMG denies that Ms. Colon has any viable claims against ECFMG under the ADA, FMLA or any other law. The remaining allegations in Paragraph 3 constitute conclusions of law to which no responsive pleading is required.

4. The allegations in Paragraph 4 constitute conclusions of law to which no responsive pleading is required.

5. The Notice of Right to Sue referenced in Paragraph 5 constitutes a written document, the terms of which speak for themselves. ECFMG denies the allegations in Paragraph

5 to the extent that they are inconsistent with the terms of any such written document and/or do not accurately reflect any such written document in part or in entirety.  The remaining allegations in Paragraph 5 constitute conclusions of law to which no responsive pleading is required.

      6.      ECFMG admits that Ms. Colon is an adult individual.  ECFMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 regarding Ms. Colon's current residence, and, therefore, ECFMG denies these allegations.  The remaining allegations in Paragraph 6 constitute conclusions of law to which no responsive pleading is required.

      7.      Admitted.

      8.      ECFMG denies that ECFMG or any of its employees engaged in any unlawful conduct with respect to Ms. Colon.  The remaining allegations in Paragraph 8 constitute conclusions of law to which no responsive pleading is required.

      9.      The allegations in Paragraph 9 constitute conclusions of law to which no responsive pleading is required.

      10.      The allegations in Paragraph 10 constitute conclusions of law to which no responsive pleading is required.

      11.      ECFMG admits that it employed Ms. Colon from approximately February 10, 2014 to May 23, 2017.  ECFMG denies the remaining allegations in Paragraph 11.

      12.      ECFMG admits that Ms. Colon held the position of Benefits Administrator during her employment with ECFMG.  ECFMG denies the remaining allegations in Paragraph 12.

      13.      ECFMG admits that Ms. Colon reported to Kiandra Johnson on an interim basis from approximately December 16, 2016 to January 15, 2017 and that Ms. Colon formally reported to Ms. Johnson from approximately January 16, 2017 until Ms. Colon's employment

- 3 -

termination.  ECFMG denies the remaining allegations in Paragraph 13.

14. ECFMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 regarding Ms. Colon's alleged diagnosis and how her alleged medical condition allegedly affected her, and, therefore, ECFMG denies these allegations.  The remaining allegations in Paragraph 14 constitute conclusions of law to which no responsive pleading is required.

15. ECFMG admits that on or about January 27, 2017, Ms. Colon requested a leave of absence under the Family and Medical Leave Act and ECFMG granted this request.  ECFMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 regarding the alleged recommendation that Ms. Colon's allegedly received from her physician or why Ms. Colon chose to request a medical leave of absence, and, therefore, ECFMG denies these allegations.  ECFMG denies the remaining allegations in Paragraph 15.

16. ECFMG admits that on or about April 20, 2017, Betty LeHew, ECFMG's Vice President of Human Resources, informed Ms. Colon that her leave of absence under the Family and Medical Leave Act was ending and inquired about Ms. Colon's return to work date. ECFMG denies the remaining allegations in Paragraph 16.

17. ECFMG admits that Ms. Colon's physician released her to return to work without restrictions and that Ms. Colon returned to work for ECFMG on or about April 25, 2017. ECFMG denies the remaining allegations in Paragraph 17.

18. ECFMG admits that on or about April 25, 2017, Ms. Colon attended a meeting with Ms. LeHew and Katie Chisholm, during which Ms. LeHew asked if Ms. Colon felt able to return to her full duties as indicated in her Fitness for Duty form and if she needed any assistance or accommodation to perform her duties.  ECFMG denies the remaining allegations in Paragraph

18.

19. ECFMG admits that on or about April 25, 2017, Ms. Colon met with Ms. Johnson who issued a Corrective Action to Ms. Colon and reminded Ms. Colon about the conversation that they had prior to Ms. Colon's leave of absence wherein Ms. Colon had stated that she was unhappy with her job. ECFMG denies the remaining allegations in Paragraph 19.

20. The "Corrective Action" referenced in Paragraph 20 constitutes a written document, the terms of which speak for themselves. ECFMG denies the allegations in Paragraph 20 to the extent that they are inconsistent with the terms of any such written document and/or do not accurately reflect any such written document in part or in entirety. ECFMG denies the remaining allegations in Paragraph 20.

21. ECFMG admits that on or about May 23, 2017, it terminated Ms. Colon's employment because of her repeated performance deficiencies. ECFMG denies the remaining allegations in Paragraph 21.

22. Denied.

23. Denied.

## COUNT I

24. ECFMG incorporates its responses to the above paragraphs as if fully set forth herein.

25. Denied.

26. Denied.

27. Denied.

## COUNT II

28. ECFMG incorporates its responses to the above paragraphs as if fully set forth herein.

29. Denied.

30. Denied.

31. Denied.

## COUNT III

32. ECFMG incorporates its responses to the above paragraphs as if fully set forth herein.

33. Denied.

34. Denied.

35. Denied.

36. ECFMG incorporates its responses to the above paragraphs as if fully set forth herein.

## PRAYER FOR RELIEF

ECFMG denies all the allegations and assertions contained in Ms. Colon's Prayer for Relief, and denies that Ms. Colon is entitled to any relief whatsoever, including any of the relief sought in the Prayer for Relief.

## GENERAL DENIAL

ECFMG denies all allegations not specifically admitted in this Answer.

## SEPARATE DEFENSES

1. Ms. Colon fails, in whole or in part, to state a claim upon which relief can be granted.

2. Ms. Colon's claims may be barred, in whole or in part, to the extent that Ms. Colon failed to file them within the applicable statute of limitations.

3. Ms. Colon's claims may be barred, in whole or in part, to the extent that Ms. Colon failed to timely exhaust her administrative, statutory and/or jurisdictional remedies or

prerequisites prior to the commencement of this action.

4.     Ms. Colon's claims under the Americans with Disabilities Act ("ADA") and Pennsylvania Human Relations Act ("PHRA") may be barred, in whole or in part, to the extent that she does not constitute a qualified individual with a disability within the meaning of the applicable statutory definition, she did not have a record of a disability within the meaning of the applicable statutory definition, and/or ECFMG did not regard Ms. Colon as having a disability.

5.     Ms. Colon's claims under the ADA and PHRA may be barred, in whole or in part, to the extent that no reasonable accommodations existed that would enable her to perform the essential functions of her job.

6.     Ms. Colon's claims under the ADA and PHRA may be barred, in whole or in part, to the extent that Ms. Colon failed to inform ECFMG of a need for a particular accommodation, and/or a proposed accommodation was unreasonable or would have resulted in an undue hardship on ECFMG.

7.     Ms. Colon's claims under the ADA and PHRA may be barred, in whole or in part, to the extent that Ms. Colon failed to reasonably engage in the interactive process.

8.     ECFMG's actions toward Ms. Colon were taken in good faith and based upon legitimate, non-discriminatory, and non-retaliatory reasons.

9.     ECFMG denies that any impermissible factor played any role in the employment decisions related to Ms. Colon.  Alternatively, even if some impermissible factor played a role in any of those decisions, which ECFMG denies, ECFMG maintains that it would have made the same decisions for legitimate, non-discriminatory, and non-retaliatory reasons.

10.     If any improper, illegal, discriminatory, or retaliatory acts were taken by any of ECFMG's employees against Ms. Colon, such acts were outside the course and scope of their

employment, contrary to ECFMG's policies, and/or were not ratified, confirmed, or approved by ECFMG.

11. Ms. Colon's claims may be barred, in whole or in part, because she has not suffered any injury or damages as a result of any act or omission of ECMFG.

12. Ms. Colon's damages, if any, were solely and proximately caused by Ms. Colon's own negligent, reckless or intentional conduct.

13. Ms. Colon's claims are barred or diminished to the extent that she failed to mitigate or minimize her damages, the existence of which are denied.

14. To the extent that Ms. Colon has received any income from other employment and other sources, such monies must be offset against any damages allegedly due to Ms. Colon from ECFMG (if any).

15. Ms. Colon's claims for damages are barred to the extent that they seek categories of damages that are not allowed under the applicable statute and/or exceed the amounts recoverable under the applicable statute.

16. Ms. Colon's claims for liquidated damages may be barred, in whole or in part, because ECFMG's actions were made in good faith and based on reasonable grounds that it was not violating the law.

17. Ms. Colon's claims for punitive damages may be barred, in whole or in part, because ECFMG's actions were not undertaken with willfulness, malice, or reckless indifference to Ms. Colon's legally protected rights.

18. Ms. Colon's relief, if any, may be limited by the after-acquired evidence doctrine.

19. Ms. Colon's claims are frivolous, unreasonable and groundless, and, accordingly, ECFMG should recover all costs and attorneys' fees incurred herein.

## **RESERVATION OF RIGHTS**

ECFMG reserves the right to amend its Answer and Separate Defenses to Ms. Colon's Complaint and to raise additional defenses as may be discovered during the course of this litigation and its continuing factual investigation.

WHEREFORE, ECFMG respectfully requests that the claims alleged in the Complaint be dismissed in their entirety with prejudice, and that it be awarded its costs of defense, including reasonable attorneys' fees.

Dated: June 5, 2019

Respectfully submitted,

*/s/ Anne E. Martinez*
Anne E. Martinez (Pa. ID No. 201189)
Sean R. Caulfield (Pa. ID No. 322461)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
Phone:  215.963.5000
Fax:     215.963.5001
Email: anne.martinez@morganlewis.com
           sean.caulfield@morganlewis.com

*Attorneys for Defendant*
*Educational Commission For Foreign*
*Medical Graduates*