IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTOINETTE COLON,<br><br>Plaintiff,<br><br>v.<br><br>EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,<br><br>Defendant. | Civil Action No. 2:19-cv-01738-JD |

**JOINT REPORT OF RULE 26(F) MEETING AND PROPOSED DISCOVERY PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for Plaintiff Antoinette Colon ("Ms. Colon") and Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") conferred on September 10, 2019, and submit to Chambers the following report of their meeting for the Court's consideration.

1. **Discussion of Claims, Defenses, and Relevant Issues**

    a. **Plaintiff's Position**

Plaintiff asserts claims against Defendant for disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and the Pennsylvania Human Relations Act ("PHRA").

Plaintiff was employed by the Defendant in the position of Benefits Administrator from on or about February 10, 2014 until on or about May 23, 2017. By way of background, from in or about December of 2016 until the date of her termination, Plaintiff reported directly to Kiandra Johnson ("Johnson"), Benefits and Compensation Manager.

1

On or about January 27, 2017, Plaintiff was diagnosed with Depression. On the same date, Plaintiff requested a brief medical leave of absence under the FMLA as a reasonable accommodation for her disability and Defendant granted said request.

On or about April 20, 2017, Betty Lehew ("Lehew"), Vice President of Human Resources, advised Plaintiff that her FMLA leave had expired and inquired about her return to work. Plaintiff informed Lehew that she intended to visit her physician the following day for an evaluation. Thereafter, on or about April 21, 2017, Plaintiff's physician released her to return to work without restrictions and, on or about April 25, 2017, Plaintiff returned to work.

Thereafter, the Defendant began subjecting Plaintiff to discrimination based on her disability and retaliation for requesting a reasonable accommodation for the same and exercising her rights under the FMLA. By way of example, on the date Plaintiff returned to work, Lehew and Katie Chilsom ("Chilsom"), Human Resources Generalist, summoned Plaintiff to a meeting and questioned whether Plaintiff agreed with her physician's decision to release her to return to work. Plaintiff responded that she agreed with said decision and that she was able and willing to perform her job responsibilities.

Approximately thirty minutes thereafter, Lehew and Johnson requested Plaintiff's presence at another meeting. During said meeting, Johnson accused Plaintiff of expressing that she was unhappy with her job prior to her medical leave and insinuated that she was not able to handle the responsibilities of her position. Furthermore, Johnson issued to Plaintiff an unjustified "corrective action." In response thereto, Plaintiff expressed her belief that the issuance of the "corrective action" was unjustified and cited to specific inaccuracies within the document. Moreover, said "corrective action" referenced "incidents" which had occurred over six months prior.

Thereafter, on or about May 23, 2017, Defendant terminated Plaintiff's employment, allegedly based upon "performance deficiencies." Defendant also terminated the employment of Robert Voorhees, former Benefits and Compensation Manager, shortly after he requested a brief medical leave of absence as a reasonable accommodation for his disability.

   b. **Defendant's Position**

From approximately February 10, 2014 until May 23, 2017, Ms. Colon worked for ECFMG as a Benefits Administrator.

During her tenure with ECFMG, Ms. Colon often struggled with her performance for which she was repeatedly counseled throughout 2016. In December 2016, Mr. Robert Voorhees drafted a critical review of Ms. Colon's 2016 performance, which outlined various deficiencies in detail, specifically her inability to respond to the directions of her supervisors, her reluctance to adapt to new and more efficient ways to complete her work, and the unacceptable quality of her written work product. At this time, Mr. Voorhees also drafted a written Corrective Action in which he detailed Ms. Colon's subpar performance, especially with respect to her efficiency and time management skills. However, in mid-December 2016, Mr. Voorhees took a leave of absence from his position and his employment relationship with ECFMG subsequently ended on January 5, 2017, before he delivered the performance review or finalized the Corrective Action.

On January 25, 2017, Ms. Betty LeHew and Ms. Johnson met with Ms. Colon to deliver her 2016 performance review. Ms. Johnson decided not to present the Corrective Action to Ms. Colon on the same day because she did not want to overwhelm Ms. Colon. Instead, Ms. Johnson decided to present the Corrective Action in a separate meeting the following week (*i.e.*, the week of January 30, 2017) as it contained more detailed feedback to help Ms. Colon understand her performance deficiencies and work toward improvement.

On January 27, 2017, Ms. Colon texted Ms. Johnson and stated that she was sick and unable to come to work. Thereafter, Ms. Colon submitted a request for leave under the Family Medical Leave Act ("FMLA"), which ECFMG approved. From January 27, 2017 to April 24, 2017, Ms. Colon remained on FMLA leave. During Ms. Colon's leave of absence, Ms. Johnson took over many of Ms. Colon's tasks and realized that Ms. Colon had made many mistakes. Some of her mistakes involved smaller processing errors, but some of her mistakes caused an economic impact to ECFMG. For example, Ms. Johnson found outdated enrollments of terminated employees and incorrect reporting of enrollment dates, which resulted in financial losses to the company.

On April 25, 2017, Ms. Colon returned to work after exhausting her FMLA leave. ECFMG wanted to ensure her smooth return to work and met with Ms. Colon to ask if she needed any assistance or accommodation regarding her job responsibilities. Ms. Colon responded that she did not need any assistance or accommodation and was ready to return to full duties, which aligned with her healthcare provider's Fitness for Duty form that indicated she was ready to return to full duties with no accommodations. Based on the impact of Ms. Colon's errors discovered by Ms. Johnson while Ms. Colon was on leave, the prior performance concerns noted in Ms. Colon's 2016 performance review, and the Corrective Action drafted by Mr. Voorhees in December 2016 and finalized by Ms. Johnson in January 2017 before Ms. Colon requested leave, Ms. Johnson met with Ms. Colon to issue the Corrective Action and more clearly outline the areas that needed improvement. During the meeting, Ms. Colon did not dispute or otherwise challenge the contents of the Corrective Action.

Despite Ms. Colon's past performance deficiencies, Ms. Johnson viewed Ms. Colon's return as an opportunity to start fresh where she could retrain and gradually integrate Ms. Colon

back to her regular tasks.  To that end, Ms. Johnson assigned Ms. Colon less responsibilities when she returned to enable Ms. Colon to focus on fewer tasks.  However, Ms. Colon's performance did not improve and over the ensuing weeks she continually made errors, including, among other things, (1) miscalculating a tuition reimbursement benefit; (2) making mistakes on a SEPTA order form; (3) misidentifying employees for a retirement contribution audit; and (4) continuing to demonstrate poor attention to detail.  On May 18, 2017, Ms. Johnson met with Ms. Colon again to further discuss her performance deficiencies.  After assessing Ms. Colon's attitude during the May 18, 2017 meeting, and considering Ms. Colon's repeated mistakes and lack of accountability, ECFMG lost confidence that Ms. Colon could ever learn to carry out her tasks in a productive and efficient manner.  Therefore, on May 23, 2017, ECFMG terminated Ms. Colon's employment as a result of her poor performance.

     Nevertheless, Ms. Colon purports to assert three claims against ECMFG:  (1) discrimination based on her alleged disability or perceived disability under the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA"); (2) retaliation based on her alleged request for a reasonable accommodation under the ADA and the PHRA; and (3) retaliation in violation of the FMLA.  All of Ms. Colon's claims fail as a matter of law.  Specifically, Ms. Colon cannot establish her disability discrimination claim because she neither had a disability nor did ECFMG perceive her as an individual with a disability.  Moreover, because Ms. Colon's performance deficiencies existed and a critical 2016 performance review and Corrective Action directed to her were drafted before ECFMG could have known of her alleged disability or perceived disability, and before she submitted her request for FMLA leave, she cannot establish her ADA, PHRA, or FMLA retaliation claims.  ECFMG granted Ms. Colon's request for FMLA leave and made efforts to ensure that she made a smooth return to

work.  Ms. Colon further cannot identify any evidence to show that her employment termination was the result of discrimination and/or retaliation, rather than her egregious and well-documented performance deficiencies.

ECFMG intends to seek discovery on the factual basis for these claims, including Ms. Colon's purported disability, her alleged damages, and her efforts to mitigate her alleged damages.  Within thirty (30) days after the conclusion of discovery (if any), ECFMG intends to file a Motion for Summary Judgment seeking a dismissal of all of her claims.

**2. Initial and Informal Disclosures**

The Parties propose that no change be made to Rule 26(a)(1) with respect to the form or requirement of initial disclosures by the Parties.  The Parties agree to exchange initial disclosures under Rule 26(a)(1) on or before September 17, 2019.

**3. Formal Discovery**

The Parties agree that they will need discovery with respect to all subjects relevant to the claims and defenses of the Parties, the damages sought by Ms. Colon, and Mr. Colon's efforts to mitigate her damages.  The Parties do not believe that changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules.  The Parties do not anticipate the need to have discovery conducted in phases or limited to particular issues.  With respect to the timing of discovery, the Parties propose the following:

    **a.**  **Deadline for Fact Discovery** – January 10, 2020

        i.  Deadline for Filing Motions to Compel: December 13, 2019

    **b.**  **Deadline for Expert Discovery** – March 13, 2020

        i.  Deadline for Identification of Expert Witnesses and Exchange of Expert Reports:  January 10, 2020

      ii.   Deadline for Exchange of Rebuttal Reports:  February 14, 2019

      iii.   Deadline for Completion of Expert Depositions:  March 13, 2020

**c.**    **Deadline for Filing of Daubert Motions** – April 10, 2020

**d.**    **Deadlines for Filing Dispositive Motions** – April 10, 2020

      i.   Any Opposition to a Motion for Summary Judgment shall be filed within thirty (30) days of being served with the Motion for Summary Judgment.

      ii.   Any Reply in Further Support of a Motion for Summary Judgment shall be filed within fourteen (14) days of being served with the Opposition to the Motion for Summary Judgment.

**4.   Electronic Discovery**

The Parties may possess electronically stored information that may be relevant to the claims and defenses of the Parties. The Parties have not yet reached an agreement as to the form(s) in which any relevant electronically stored information should be produced and will engage in additional discussions regarding the production of any electronically stored information.

The Parties do not anticipate a significant amount of electronically stored information in this case. Because the Parties do not anticipate significant electronically stored information in this matter, the Parties agree that each will bear its own costs in producing such information.

As to identification of relevant information and form of production, the Parties agree that any electronically stored information will be identified by the Parties with assistance from their counsel and produced in hard copy format.

The Parties further agree that counsel for both Parties have issued a litigation hold, or the equivalent thereof, to preserve electronically stored information and other information that is relevant to this matter.  The Parties also agree that should any privileged document(s) be produced inadvertently, the receiving Party shall act in accordance with the Federal Rules of Civil Procedure and Pennsylvania Rules of Professional Conduct in determining how to respond. Upon discovering the inadvertent disclosure, the receiving party will notify the producing party and destroy or return the document(s), whichever the Parties agree to at that time.

5. **Expert Witness Disclosures**

The Parties may need experts with respect to Ms. Colon's alleged disability, her alleged damages, and/or her efforts to mitigate her damages, but neither Party has yet determined whether it needs to retain any such experts.  For purposes of expert discovery, the Parties propose the schedule set forth above.

6. **Early Settlement or Resolution**

The Parties are familiar with Eastern District of Pennsylvania Local Rule 53.3, requiring the Parties to consider the use of an alternative dispute resolution process at an appropriate stage in the litigation.  Counsel for the Parties have explained alternative dispute resolution to their clients, informing them that mediation and/or a settlement conference are available options for resolution of this Action.  Ms. Colon has not yet made any settlement demand.  ECFMG expects that fact discovery will be necessary before settlement is likely.

7. **Trial Date**

The Parties do not request a date certain for trial.  The Parties propose that trial be scheduled to commence sixty (60) days after the disposition of any motion for summary judgment.  The Parties expect trial to last two (2) or three (3) days.

8. **Other**

During the Rule 26(f) Conference, the Parties did not have any discussion or reach any agreement on any matters not addressed above.

Respectfully submitted,

| | |
|---|---|
| */s/ Jamie L. Ford* | */s/ Anne E. Martinez* |
| Sidney L. Gold (Pa. ID No. 21374) | Anne E. Martinez (Pa. ID No. 201189) |
| Jamie L. Ford (Pa. ID No. 320631) | Sean R. Caulfield (Pa. ID No. 322461) |
| Sidney L. Gold & Associates, PC | MORGAN, LEWIS & BOCKIUS LLP |
| 1835 Market Street, Suite 515 | 1701 Market Street |
| Philadelphia, PA  19103 | Philadelphia, PA  19103 |
| Phone: 215-569-1999 | Phone: 215-963-5000 |
| Fax:    215-569-3870 | Fax:    215-963-5001 |
| Email:  sgold@discrimlaw.net | Email:  anne.martinez@morganlewis.com |
|              jford@discrimlaw.net |              sean.caulfield@morganlewis.com |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| *Antoinette Colon* | *Educational Commission for Foreign Medical Graduates* |
| | |
| Dated:  September 11, 2019 | Dated:  September 11, 2019 |